**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LAWRENCE PETERSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:11-cv-0007-JMS-DML |
| ) | |
| DOCTOR MICHAEL ROGAN, and ) | |
|    CORRECTIONAL MEDICAL ) | |
|    SERVICES, ) | |
| ) | |
|     Defendants. ) | |

**Entry Granting Motion for Summary Judgment**

On or about January 10, 2011, Lawrence Peterson filed this lawsuit against Corizon, Inc. (f/k/a Correctional Medical Services, Inc.) (hereinafter "Corizon"), which contracts with the State of Indiana to provide medical services to inmates, alleging that his Eighth and Fourteenth Amendment rights were violated pursuant to 42 U.S.C. § 1983. Specifically, Peterson alleges that he was denied proper Hepatitis-C treatment.

Corizon now seeks summary judgment on its affirmative defense that Peterson failed to properly exhaust his administrative remedies prior to filing this lawsuit. The motion is also deemed applicable to the other defendant, Dr. Michael Rogan, who has not yet appeared in this action. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("Where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion."). For the reasons explained in this Entry, Corizon has met its burden under Federal Rule of Civil Procedure 56(a) and the motion for summary judgment [29] must be **granted.**

## I.  Summary Judgment Standard

The motion for summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law identifies that facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

## II. Applicable Law

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). The substantive law applicable to the motion for summary judgment is this:

(1) The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). A civil action with respect to "prison conditions" means "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626(g)(2).

(2) In *Woodford v. Ngo,* 548 U.S. 81, 90 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.*, (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002)).

(3) The PLRA's exhaustion requirement creates an affirmative defense and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)).

(4) When asserted, the defense must be resolved prior to the merits of a claim being reached. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999).

(5) "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007) (citing *Porter,* 534 U.S. at 524). When a prisoner has failed to exhaust administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.* 549 U.S. at 223–24.

### III. Material Facts

The reading of the evidentiary record most favorable to Peterson as the non-movant, *see Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000), is the following:

- Wayne Scaife ("Mr. Scaife") is the Grievance Specialist at the Pendleton Correctional Facility ("Pendleton"). As a result of his duties as Grievance Specialist, Mr. Scaife is responsible for both medical and non-medical grievances filed by Pendleton inmates. Furthermore, as Grievance Specialist, Mr. Scaife is the custodian of Pendleton's grievance records, including, but not limited to, the initial grievance documents filed by inmates, as well as responses and appeals. Mr. Scaife is familiar with the Department of Correction's computer files and records relating to the Offender Grievance Response System ("OGRE").

- The grievance process begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist of the facility where the incident occurred.

- If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the grievance response. If the offender receives no grievance response within twenty-five (25) working days of the day he or she submitted the grievance, he or she may appeal as though the grievance had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends ten (10) working days later.

- Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

- Peterson, DOC #892938, is currently incarcerated at Pendleton. Peterson arrived at Pendleton on or about July 21, 2010. Since arriving at Pendleton Correctional Facility, Peterson has failed to file any grievances related to Hepatitis-C treatment.

- Before arriving at Pendleton, Peterson was an inmate at the Wabash Valley Correctional Facility. The OGRE records reflect that Peterson failed to file any grievances related to Hepatitis-C treatment while at the Wabash Valley Correctional Facility.

## IV. Discussion

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Peterson argues that summary judgment should not be granted in favor of the defendants because he did in fact exhaust his administrative grievances. In support of his argument he submits a declaration [see dkt 33] in which he testifies in relevant part: "I Plaintiff did exhaust all grievance remedies and procedures while confined at Wabash Valley Correctional Facility" and "[t]hat Defendants in their response to Plaintiff's grievances refused to respond to Plaintiff's complaint of not being treated for Hepatitis, but answer's all other issues not raised." In support, Peterson attaches the administrative responses to grievance number 60281. See Exhibit A, dkt 32 at pp. 5-7. Those administrative responses do not reflect any complaint regarding Peterson's Hepatitis C treatment. Peterson's conclusion that grievance number 60281 was sufficient to exhaust his administrative remedies regarding his Hepatitis C treatment is contradicted by the record of that grievance and of the administrative responses to it. The court has examined the offender grievance appeal for grievance number 60281 signed by Peterson (see dkt 34-1). That appeal does not contain any mention of Hepatitis-C. Instead, Grievance Number 60281 requests a bottom bunk pass for diabetes and other heart related problems. Thus, Peterson's grievance appeal contradicts his contention that he properly filed and appealed a grievance related to Hepatitis-C treatment.

In many instances, sworn affidavits, particularly those that are detailed, specific, and based on personal knowledge are "competent evidence to rebut [a] motion for summary judgment." *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (*per curiam*); *see also Dalton v. Battaglia*, 402 F.3d 729, 735 (7th Cir. 2005) ("We have repeatedly stated that the record may include a so-called 'self-serving' affidavit provided that it is based on personal knowledge."). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is the case here with regard to whether grievance

number 60281 contained a complaint related to Peterson's Hepatitis-C treatment. Peterson's characterization of his grievance as containing such a complaint is "so utterly discredited by the record that no reasonable jury could have believed him." *Id.,* 550 U.S. at 380-381. The grievance responses and the grievance appeal speak for themselves.

Peterson's argument that his grievances were filed at Wabash Valley Correctional Facility and that Wayne Sciafe, an employee of Pendleton, cannot attest to grievances filed at other Indiana Department of Correction prison facilities is without merit. Mr. Scaife's Affidavit makes clear the following points: (1) he has access to, and is familiar with, the Department of Correction's entire computer filing system, *i.e.*, OGRE, and (2) after reviewing the OGRE files, he determined that Peterson failed to properly file or appeal a grievance related to Hepatitis-C treatment while housed at Pendleton or elsewhere. Indeed, Peterson's contention does not rest upon the existence of documents to which Mr. Scaife has not had access, but to the sufficiency of a grievance which is fully documented within the OGRE system.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Harris*, 550 U.S. at 380 (*quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (footnote omitted). That is the case here. Peterson failed to file an appeal of a Hepatitis-C related grievance and has therefore not exhausted the grievance procedure pursuant to the Offender Grievance Policy. No reasonable person could conclude otherwise.

## V. Conclusion

The consequence of Peterson's failure to properly exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claim should not have been brought and must now be dismissed without prejudice. *Ford,* 362 F.3d at 401("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The motion for summary judgment [29] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/12/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LAWRENCE PETERSON
892938
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel